IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINT WAYLON COOK,            )
                              )
             Petitioner,      )
                              )
      v.                      )      Case No. 23-3076-JWL
                              )
D. HUDSON, Warden, USP-Leavenworth,  )
                              )
             Respondent.      )
                              )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, the Court **dismisses the petition without prejudice** to allow petitioner to exhaust his administrative remedies.

Petitioner asserts two claims in his petition:  first, petitioner claims that officials have failed to decide the amount of time he will be permitted to spend at a residential reentry center (RRC) before the end of his sentence; and second, he claims that he is entitled to 26 days of credit toward his release date.  Petitioner admits, however, that he has failed to pursue his administrative remedies before filing this petition. Petitioner argues that such exhaustion would be futile because the first possible date of his transfer to an RRC (12 months ahead of his projected release date of June 25, 2024) approaches.

The exhaustion of administrative remedies is a prerequisite for relief under Section 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  Regulations for the

Bureau of Prisons (BOP) set forth the administrative steps a prisoner must follow: an attempt at informal resolution of a complaint; a formal request to the institution for an administrative remedy; a regional appeal; and a national appeal. *See id.* (citing 28 C.F.R. §§ 542.13-.15. Petitioner concedes that he has not gone beyond the step of making an information complaint in this case. It is true that "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *See id.* This Court has held, however, that this exception is not satisfied merely because the petitioner may lose time in an RRC. *See Garner v. United States*, 2021 WL 3856618, at *3 (D. Kan. Aug. 30, 2021) (Lungstrum, J.); *see also Jamerson v. Hudson*, 2022 WL 17358270, at *2-3 (D. Kan. Dec. 1, 2022) (Lungstrum, J.) (quoting *Garner*). Moreover, petitioner has not explained why it would be futile for him to exhaust with respect to his claim for 26 days of credit.

Accordingly, the Court concludes that petitioner has not shown that exhaustion would be futile in this case, and the Court therefore dismisses the petition without prejudice to allow petitioner to exhaust before seeking relief in this Court.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed without prejudice.

IT IS SO ORDERED.

Dated this 27th day of March, 2023, in Kansas City, Kansas.

    /s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge